ROTH, Circuit Judge,
dissenting:
In 2010, the State of New Jersey Parole Board granted parole to Clarence Haley. Parole is a legal status created by state law that allows an inmate to leave prison and live in the community at large, subject to various conditions. N.J. Stat. Ann. § 30:4-123.51 (outlining conditions for attaining parole). In Morrissey, the Supreme Court held that prisoners released on parole had a liberty interest in that status. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The Court does not define what different conditions of parole, imposed on parolees by different states, may create that liberty interest From my review of the Morrissey opinion, I conclude that it applies to all parolees, whatever may be the conditions of parole imposed by the State. Thus, “the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a ‘grievous loss’ on the parolee and often on others.” Id. at 482, 92 S.Ct. 2593.
I believe that the majority errs in concluding that, if the conditions of parole imposed on one prisoner equate to the conditions of community release imposed on another prisoner, we are free to conclude that the paroled prisoner has no liberty interest in his release. I do not agree. Morrissey does not grant courts the freedom to review the conditions of parole to determine if a liberty interest has been created. Nor do I think that we want to avoid the bright line rule created by the Court in Morrissey. If we follow the majority, we are opening ourselves up to having to review the conditions of parole in every case in which a liberty interest is claimed. I do not favor such a situation.
For the reasons stated above, I respectfully dissent.